**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JEAN BAPTISTE ELIAS,

Petitioner,

v.

WARDEN, MOSHANNON VALLEY PROCESSING CENTER, ET AL.,

Respondent(s).

3:26cv1513
ELECTRONICALLY FILED

**MEMORANDUM ORDER OF COURT GRANTING IN PART AND DENYING IN PART JEAN BAPTISTE ELIAS'S PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)**

Pending is Petitioner Jean Baptiste Elias's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

**I. BACKGROUND**

Petitioner asserts in his habeas petition, and Respondents do not dispute, that Petitioner: (1) is a native and citizen of Haiti; (2) entered the United States on January 31, 2024, and was thereafter inspected and processed in El Paso, Texas; (3) possesses an I-94 record;[1] (4) was detained by ICE on July 23, 2026, in Pennsylvania; (4) has pending removal proceedings, *i.e.*, Petitioner is not subject to a final order of removal; and (5) is detained at Moshannon Valley Processing Center.

Petitioner's habeas petition contains two (2) claims: (1) Petitioner's continued detention without a bond hearing violates his rights under the Immigration and Nationality Act ("INA")

[1] According to U.S. Customs and Border Protection, Form I-94/I-95 "is considered your lawful record of admission." *See* https://i94.cbp.dhs.gov/home (last visited 9-30-26).

(Count 1); and (2) Petitioner's detention violates his Fifth Amendment due process rights (Count 2).

By way of relief, Petitioner's habeas petition seeks an Order that includes: (1) declaring that Petitioner's detention violates the Fifth Amendment's Due Process Clause and federal law; (2) enjoining Respondents from transferring Petitioner out of the state of Pennsylvania for the duration of these proceedings; (3) ordering Respondents to release Petitioner immediately; and (4) awarding Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), and on any other basis justified under law.

On August 19, 2026, Respondents filed their response to Petitioner's habeas petition. (Doc. 13). In their response, Respondents state:

> The government submits that this is an Arriving Alien case and reaffirms its position that mandatory detention under § 1225(b)(2) applies, which has been accepted by both the Fifth and the Eighth Circuits.
>
> The government acknowledges that all courts in this District (and many more elsewhere) to have considered this issue–and now the Second, Sixth, and Eleventh Circuits–have rejected the government's application of § 1225(b)(2)(A) to cases like this.

(*Id*. at 2-3) (citations omitted).[2]

Petitioner had until August 24, 2026, to file a reply brief. (Doc. 5). To date, no such brief has been filed.

Thus, Petitioner's habeas petition has been fully briefed and is ripe for adjudication.

---

[2] Respondents do not define in their response what is "an Arriving Alien case." However, in their responses to other non-citizen habeas petitions, they have defined "an Arriving Alien case" as a "case whereby Petitioner entered the United States at a Port of Entry, applied for admission, was paroled into the United States and was later arrested in the interior of the United States." *See Marcel v. Warden*, *Cambria Cnty. Prison*, Civ. No. 3:26-757, 2026 WL 1674821, at *1 (W.D. Pa. June 10, 2026) (citing Docket No. 10 at 5); *Vaquedano v. Blanche*, Civ. No. 3:26-867, 2026 WL 1413058, at *1 (W.D. Pa. May 20, 2026) (citing Docket No. 6 at 4).

## II. DISCUSSION AND FINDINGS

In *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), the United States Court of Appeals for the Third Circuit recently concluded, with respect to two (2) petitioners who had entered the United States ("U.S.") without inspection years prior to their being detained by ICE in the interior of the U.S., that their detention was governed by 8 U.S.C. § 1226, and not 8 U.S.C. § 1225(b) because "§ 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders." *Buele Morocho*, 2026 WL 2546223, at *5.

While the *Buele Morocho* decision did not involve a petitioner similarly situated to Petitioner, *i.e.*, a petitioner who entered the U.S. and was inspected, issued an I-94 form, released into the U.S. and more than two (2) years later detained by ICE in the interior of the United States, the Court finds the *Buele Morocho* court's ruling that "§ 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders," *id.*, is applicable to Petitioner.

Accordingly, because Petitioner was detained in the interior of the U.S. years after he entered the U.S., Petitioner's detention is governed by Section 1226(a) and Petitioner is owed a bond hearing. *See also Johnson v. Warden*, Civ. No. 5:26-4454, 2026 WL 2324409, at *2 (C.D. Cal. Aug. 11, 2026) (concluding: "Because the I-94 shows that Petitioner was inspected and admitted in 2020, she is not an 'applicant for admission' subject to § 1225(b)(2)(A), and no party contends that § 1226(c) applies. Her detention is therefore governed by § 1226(a) . . . . ") (citations omitted); *Gutierrez Navarro v. Noem*, Civ. No. 2:26-334, 2026 WL 482686, at *4 (W.D. Wash. Feb. 20, 2026) (concluding: "At the time of his re-detention, he was not seeking admission at the border" and "Petitioner is an admitted individual whose redetection is governed

by § 1226, and not an individual 'seeking admission' admission under § 1225" under the following facts: "Petitioner initially presented as an 'arriving alien' when he presented himself to immigration officers at a point of entry for his government sanctioned CBP-One appointment at a port of entry in Laredo, Texas. However, he was simultaneously issued an I-94, which is an interim parole document that was valid for two years. There is no evidence in the record petitioner was released under 8 U.S.C. § 1182(d)(5)(A)" and "Petitioner has been in the community for over two years, was granted TPS, received employment authorization, and complied with reporting requirements."); *Medina v. Mattos*, Civ. No. 2:25-2020, 2026 WL 19130, at *4 (D. Nev. Jan. 4, 2026) (holding: the petitioner's current detention fell under Section 1226(a) because at the time of the detention he was "not actively seeking to lawfully cross into the territorial limits of the United States:" he had already entered, been released with a parole document, and granted a TPS); *Salazar v. Casey*, Civ. No. 25-2784, 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025) (finding petitioner was detained under Section 1226(a) where previously she had "been granted humanitarian parole subject to a Form I-94, granting her parole for two years").

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within 30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL

574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing. The Court trusts the immigration judge to comply with this order and ensure that Petitioner is provided due process, and therefore, the immigration judge shall explain his or her individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an order: (1) enjoining Respondents from transferring Petitioner out of the state of Pennsylvania for the duration of these proceedings; (2) ordering Respondents to release Petitioner immediately; and (3) awarding Petitioner attorney's fees and costs under the EAJA, and on any other basis justified under law.

More specifically, where, as here, Petitioner has been detained for approximately two (2) months, Section 1226(a) of the INA and the Fifth Amendment's Due Process Clause are satisfied by providing Petitioner with an individualized bond hearing before an immigration judge which comports with due process, as the Court has ordered, and does not require release from custody as requested by Petitioner. *See Pico Bano v. Mullen et al.,* Civ. No. 4:26-1449, 2026 WL 1726260, at *5 (M.D. Pa. June 15, 2026) (concluding: "[T]the Court notes that Pico Bano asks only for immediate release from custody as a remedy in this matter—not a bond hearing. However, it is this Court's ordinary practice to order the Government to provide a petitioner with a bond hearing, as 8 U.S.C. § 1226(a) does not entitle an individual to release, but only to such a hearing. Moreover, the Court is of the view that an immigration judge 'is better suited to consider whether Petitioner poses a flight risk and a danger to the community' when evaluating the factors relevant to a bond determination, and immigration judges 'would have greater access to information that could resolve any factual disputes.' Consequently, the Court will not order

Pico Bano's immediate release, but will instead direct Respondents to provide him with a bond hearing.") (footnotes omitted); *F.B. v. Oddo*, Civ. No. 3:26-717, 2026 WL 1265352, at *4 (W.D. Pa. May 8, 2026) (Fischer, J.) (holding: "the Court will not order Petitioner's immediate release," and noting "that just as detention without a bond hearing may create a risk of erroneous deprivation of the detainee's liberty interest, immediate release without a bond hearing may create a risk of erroneous deprivation of the Government's security interests.").

Further, this Court lacks jurisdiction to enjoin Respondents from transferring Petitioner out of the Commonwealth of Pennsylvania for the duration of these proceedings. Congress has vested the Secretary of Homeland Security and his/her delegates, such as United States Immigration and Customs Enforcement ("ICE") with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS' discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts' jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS' decisions under § 1231. *See, e.g., Jane v. Rodriguez*, Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen.*, 452 F. App'x 196, 198 (3d Cir. 2011) (jurisdiction-stripping provision in section § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Moreover, given that: (1) Respondents filed their Response to Petitioner's habeas petition prior to the Court of Appeals for the Third Circuit issuing its decision in *Buele Morocho, supra.;* (2) the *Buele Morocho* decision addressed petitioners who were not similarly situated to Petitioner; and (3) there is a split of authority amongst numerous other federal courts of appeal and district courts as to whether the detention of a petitioner similarly situated to Petitioner is governed by Section 1225(b) or Section 1226(a), the Court finds that Respondents' position was substantially justified in this case. Accordingly, no costs or attorney fees shall be awarded pursuant to the EAJA, or on any other basis.

SO ORDERED this 30th day of September, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel of Record